## SUPREME COURT

### E. B. HOWARD & O. B. HOWARD agt. F. B. HOWARD.

The provisions of the Revised Statutes, in relation to the production of an authority of an attorney to commence an action of ejectment, apply to suits, under the Code, to recover land.

An agent of a person absent from the state, having power to see to his property and business here, and also to pay for and take a deed of, and take and hold possession of, and carry on and work a piece of land, for his principal, has no power to give authority to an attorney to commence a suit to recover such land.

But an instrument, executed by one of two joint owners of the land, for and in the names of himself and his co-tenant, (they being the plaintiffs in the suit,) recognizing the authority of the attorney to commence the suit and requesting him to continue it—the plaintiff executing the instrument, having been verbally directed and authorized by his absent co-plaintiff to do whatever was necessary in regard to the prosecution of the suit, is a sufficient recognition.

*At Chambers, April,* 1855.

R. S. HALE appeared upon an order for the· production of the authority of the attorneys for the plaintiffs, to bring this suit in ejectment; and objected that the provisions of the Revised Statutes on the subject were repealed by the Code.

He also read an affidavit of D. W. Howard, that he was the "general agent" of the plaintiffs by parol appointment, "to see to their property and business" in this state. Also, that they instructed him to pay up a lease or contract for the land in question, and "take and deed, and take and hold possession" of it, and "manage and carry it on." It also appeared that D. H. W. had received a letter from the plaintiffs, requesting him to pay up for the land, and get "a deed, and go on and take possession of the land, and work it," till they came home. It appeared by the affidavits that the plaintiffs were in California.

On the day of the hearing of this matter, D. W. H. also gave the attorney for the plaintiffs a written authority in the names of the latter, as their agent, to prosecute the action, and also therein approved of the suit having been brought.

C. A. HAND, *contra,* insisted that the provisions of the Revised Statutes on this subject were still in force; and that no authority to commence the suit or sufficient recognition of such authority, had been shown.

HAND, Justice. I think the Code has not repealed the Revised Statutes, with regard to the production of the authority of the attorney to bring an action of ejectment. It contains nothing inconsistent with the precautions heretofore required; and, indeed, has no reference to the subject.

On the other point, a general agent to see to the property and business of his principal, and to take and hold possession, and manage and carry on a certain lot, is not authorized to employ an attorney to bring an ejectment.

The statute requires a written request to commence the suit,

either by the plaintiff or his agent; or a written recognition of the authority of the attorney to do so. (2 *R. S.* 306.) It does not, at least in express terms, require that the authority of the. agent shall also be in writing; but if that is not requisite, he should have authority in fact. It has been decided that a solicitor must have a special authority to commence a suit. (*Lord* agt. *Kellett*, 2 *My. & K.* 1. *And see Rogers* agt. *Cruger*, 7 *Johns. R.* 557; *Wilson* agt. *Wilson*, 1 *J. & W.* 437; *Wright* agt. *Castle*, 3 *Meriv.* 12; 1 *Dan. Pr.* 352; 2 *Chit. Gen. Pr.* 19; 3 *id.* 116.) Unless required by statute, such authority need not be in writing, though that is the safer practice.

But the retainer in this case was not sufficient, nor sufficiently proved. The power to do an act, comprises a power to do all such subordinate acts as are usually incident to, or necessary to effectuate the principal act. (*Pal. on Agency, by Dunl.*, 209.) But I cannot think an agency to see to property and business, with direction to take possession of a lot of land and work it, implies an authority to bring an action of ejectment. The plaintiffs' attorneys have not complied with the statute.

The agent of the plaintiff, however, swears that he has twice written for an authority, and for a recognition of the authority of the attorney to bring the suit, and that it was commenced in good faith, under the belief that he had an authority to do so; and he believes he will very soon receive a confirmation of his acts. The matter may be suspended a few days for that purpose.

---

*At Essex Special Term, in March*, 1855, the defendant having again moved the matter, the counsel for the plaintiffs produced an instrument, or writing, signed by one of the plaintiffs, for himself and his co-plaintiff, but dated after these proceedings were commenced, recognizing the authority of the attorneys to commence the suit, and requesting them to continue it. The same plaintiff also made an affidavit, wherein he stated that his co-plaintiff is still in California; that the plaintiffs are joint owners of the land in controversy; that both went to Cali-

Williams agt. Bigelow.

fornia in 1852; and that when the deponent left California, his co-plaintiff directed him to do whatever was necessary in regard to the prosecution of this action; and authorized him, as agent, to give any necessary authority therefor.

R. S. Hale, *for plaintiffs.*

B. Pond, *for defendant.*

The judge held the recognition of the authority sufficient.