### GRAHAM v. ANDREWS et al.

(Superior Court of New York City, Special Term. March 11, 1895.)

ATTORNEY AND CLIENT — EVIDENCE OF AUTHORITY — PLEADING VERIFIED BY CLIENT.

The verification of a complaint by plaintiff is sufficient "written recognition" (Code Civ. Proc. § 1514) of the attorney's authority to appear for plaintiff.

Action by Mary E. Graham against Benjamin Andrews and others to recover possession of land. Defendants move to compel plaintiff's attorney to produce evidence of his authority. Denied.

J. Andrews, for the motion.

T. H. Baldwin, opposed.

McADAM, J. The action is in ejectment, and the defendants move to require the attorney of the plaintiff to produce evidence of his authority to commence the action. Code, §§ 1512, 1513. The Code provisions are taken from 3 Rev. St. (6th Ed.) p. 573, section 15 of which declares that "any written recognition of the authority of the attorney" shall be deemed presumptive evidence of such authority. Under this statute, a writing signed by one of two plaintiffs on behalf of both, requesting the attorney to continue the action, was a sufficient recognition of his authority to commence it. Howard v. Howard, 11 How. Pr. 80. The Code (section 1514) provides that "any written request of the plaintiff or his agent to the plaintiff's attorney to commence the action or any written recognition of his authority so to do, verified by the affidavit of the attorney or any other competent witness, is sufficient presumptive evidence of such authority." In answer to the defendants' application, the plaintiff's attorney swears "that the original complaint herein, verified by the plaintiff personally, was filed with the clerk of this court on the 31st day of January, 1895, and that a copy of said complaint and verification was served on the defendants personally." The complaint, so verified, as in legal effect a written request to the attorney to commence the action, and a written recognition of his authority so to do, sufficient to satisfy every requirement of the Code provisions. This is not a proper case for requiring further evidence of authority. Code, § 1513; Carpenter v. Allen, 45 N. Y. Super. Ct. 322. Motion denied, with $10 costs to abide the event.